19-1745, DM v. BigCommerce. 9-1-1, 9-1-1, 9-1-1, 9-1-1, 9-1-1. We're ready to proceed when you are. May it please the court, Amit Thakarwal for BigCommerce. I'd like to reserve three minutes for rebuttal. BigCommerce ended this case by obtaining a dismissal with prejudice without paying... Where in the record is any settlement discussion regarding fees? This is Appendix 59, Section 3. And this section relates to the event if payment occurs where payment is previously defined as the $30,000 payment that BigCommerce would pay DM if BigCommerce came out on the losing side and BigCommerce and DM agreed that each party would pay their own legal fees and costs incurred in this section if payment occurred. Where is Section 8.11 in your brief? That's Appendix 63. Could you repeat your question, Your Honor? Yes. The district court at Appendix 17 block quotes Section 8.11 of the settlement agreement which says the parties agree that the settlement reflection in this agreement is intended solely as a compromise of disputed claims. Each party expressly denies any liability or wrongdoing and so on. Where do you cite that in your blue brief? I don't believe we did. Why not? How can you write an appellate brief and not mention that you agreed to this settlement provision in 8.11? I don't understand the relevance of this provision, Your Honor. Maybe I'm missing Your Honor's point. The parties are agreeing that there's no admission of liability? Yes, Your Honor. DiEM and BigCommerce agreed that neither DiEM nor BigCommerce had any admission of liability or wrongdoing in this case. How are you the prevailing party? Prevailing party, we don't prevail in the colloquial sense of the word prevail, but I know the legal sense of the phrase prevailing party. That has nothing to do with the merits of the case as the Supreme Court clarified in CSRT. They could have brought the world's best patent lawsuit and could have even won potentially on summary judgment and infringement. The merits of the case could be extremely in favor of a patentee, but if for whatever reason, say for example, there was a defect in the patent ownership or there was an issue with latches or some non-merits reason or even in a non-patent context, a statute of limitations, it doesn't matter if the party that's seeking prevailing party status got to the end goal of achieving its primary objective, which in this case was a dismissal with prejudice and without paying any consideration to DiEM. Of course, if there was merit in the case, we would be hurting ourselves on the exceptionalist prong of 285, but we're not there, and this is a threshold inquiry. So whether even we have a seat at the table to raise our exceptionalist argument. Certainly in cases where we cannot prove liability or fail to prove liability or even say we agree that there is no liability here, that is not an express waiver of Section 285. It's not something we agreed to do, and if the court finds that that language implicitly waives a claim to 285, then that would be the only route I could see the court going under that provision that Your Honor cited. Let me ask you, in CRST, the Supreme Court said, I think the touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties, and then continued and said, and this change must be marked by judicial imprimatur. Where do you have that requirement met here in terms of the relationship of the parties changing under the gloss of the judicial imprimatur? I saw you had the settlement agreement, and then you come back into court, and the court makes a determination on the $30,000 point about joint infringement. But where do you have that requirement that I just referred to met here? Your Honor, that would be the court's decision-making and the parties' contested briefs on the motion to enforce the settlement agreement. Before that motion was adjudicated, the legal relationship between the parties was up in the air as far as which side won the contract. At the time they signed the dotted line on the contract, the parties' legal relationship changed with respect to the underlying patent dispute. And then the court finalized that by analyzing the contract and deciding which side won and which side lost under the contract. The court could have, in its own discretion, said, no, this is a weird thing you guys have done with this patent lawsuit. You fabricated your own dispute, and I'm not going to exercise your discretion on it. You're saying the fact that the court ruled on the contract dispute name and the contract being your little settlement agreement, that that's enough of a judicial imprimatur? Yes, Your Honor, because of the breadth of the discretion the court enjoyed in doing so. The court could have very well not exercised supplemental jurisdiction over the parties' settlement agreements. So you're saying it's only the discretionary action of the court in ruling on this dispute under the settlement agreement that brings it into the realm of CRST? Yes, Your Honor. I would cite highway equipment where this court cited the district court's discretion under FRCP 4182. And when deciding whether it was judicial imprimatur, the citation to support that finding of judicial imprimatur was the district court's discretion. And this district court, likewise, exercised its discretion in resolving the court's settlement agreement. It could have said no to that question posed by the parties, in which event the patent lawsuit would have continued and the legal relationship between the parties would still have been one of equity. The court's reading was, and I'm reading from the court, while the court granted defendant's motion resulting in Big Commerce not having to pay anything, this precise scenario was contemplated by the parties and accounted for in the settlement agreement. And then the court, unlike your delivery, cites section 8.11. And then the court goes on. Had the parties wanted to negotiate attorney's fees in the settlement agreement, they could have. They did not. Yes, Your Honor. Two points in response. One, section 8.11 relates to a liability. And the court's order itself cited exigent, which itself cites two cases, Acres and Inland Steel. Both of which, Acres says, only when a party has prevailed in the merits of at least some of the claims can they be prevailing party. Inland Steel quotes, only if a party receives at least some relief on the merits. And here's the problem with merits. It's very expensive to get anything on the merits through the court system. And in this case, it would have been irrational economically for the commerce to. But it very well could have been irrational economically for your friend on the other side to agree to the settlement agreement if your position was, well, we're still going to pursue attorney's fees. Where is that articulated in the agreement? It's not. The settlement agreement is silent on attorney's fees except for when the commerce wanted to ensure that it would not be on the hook for attorney's fees had it lost. And DiEM could have, in the mediation room, pressed its foot and said, we want to eliminate the risk of 285 and we would like a provision here which says neither, each side pays its own attorney's fees regardless of what happens in this contract. But the algorithm of the contract has only one instance where the parties mention attorney's fees and that instance corresponds to when the commerce wins. We did not advise DiEM to. Yeah, well, the problem for you is that even if we buy what you're saying here, which is the parties didn't negotiate their way away the rights to attorney's fees, that doesn't come nearly close to getting you the right to attorney's fees as the prevailing party. And as Judge Shaw pointed out, you've got settlement agreements you would agree under Buchanan are typically not included in terms of the prevailing party case law that was changed, arguably, by Buchanan. And the only thing they had to distinguish in terms of the precedence was the Maher case, right, that didn't go to final judgment. And they said there, well, they kind of cabined it as a narrow exception for consent decrees. So your argument depends on our extending the Maher case, which is one of the few exceptions to Buchanan, to include not just consent decrees, but what, how would you characterize it? Settlements that are partly adjudicated where the judge gets involved? What's your rule here? Because I think you're asking us to modify what the Supreme Court has told us. Your Honor, I would, instead of extending, instead of adding this unique and odd situation atop consent decrees, I would simply cite the... Well, it's only unique and odd because the other side got snookered. That's what you're saying. You said to us, I'll quote you, you said, well, we didn't advise them. They did get snookered because we wanted to snooker them. And we did, they had negotiated a court contract and that may disturb the court, but it doesn't change the fact that the logic that the Supreme Court used in CRST to identify the prevailing party and designate the prevailing party, that logic said, look to congressional intent. We're not going to block... Good thing you're not here in equity. Mr. Engelwald, let me ask you one of the... I think Judge Ilston made it clear, both in this decision and her denial of reconsideration, that she thinks this is not an exceptional case, leaving aside the prevailing party issue that we've been talking about. What is your comment on that? She's made it pretty clear that even if this went back, she, being the judge familiar with this, would say this isn't an exceptional case. End of story. I'm only here to get an opinion from the California court on why it's not an exceptional case. We didn't get that opinion because the judge said that I don't need to go there because this threshold issue, whether you even have... Yeah, but she, in essence, in her footnotes, says, Ben, even if I were to go there, there's no way this comes close to being an exceptional case. You started off by telling us you're only here to get a seat at the table. You recall that? Yes, Your Honor. You want us to use the judicial system, and your colleague, she's already decided that even if it weren't prevailing party, if you were a prevailing party, this is not an exceptional case. But you're saying, since that wasn't technically before her then, we just want to go back so she can say that to us. Yes, Your Honor, because I can't cite fact findings she did or did not make. Why? Why do you want... Is there an insurance aspect to this? What's going on that makes you want to go back and get that determination that it's not exceptional? Or spend your attorney's fees on the other side to do that? Well, I'm pro bono. But I think that... I decided that we couldn't appeal something that was in a footnote because it wasn't properly presented in an order. And if I was wrong, then my client suffers as a result. But the judge issued a footnote. I decided that that was not... That was dicta. And the judge said that I don't need to reach dot, dot, dot. So I decided that I can't appeal it to the federal circuit because the district court had said they're not reaching something, so how can I appeal that? And if I've made that mistake, then I've made that mistake. But the judge has given us a pretty good idea of her view on the question of exceptional case. There is a good probability that this is a waste of time, sure. But it's something that my client would like to read. My client would like to know why. A two, three-year litigation was not exceptional. We believe it was exceptional. Well, I mean, there are footnotes, and there are footnotes. This footnote is quite detailed and intense. It not only goes on and on. It cites cases. It cites docket numbers. It's as detailed as a lot of cases I've seen where if this footnote were in the body of the opinion, no one would say this is not a detailed, clear walkthrough of the record as to why this case is not exceptional, right? So what is it? Is the difference between this being in a footnote and this being in the body of the opinion? Your Honor, I exercise my best judgment of the time I had decided which issues to appeal, and when I read the footnote and I read the phrase, we do not need to reach dot, dot, dot, I made a decision on my client's behalf that I'll... Well, what would you have... There's a deferential standard of review on exceptional cases. She goes through pretty much what the standards are and what the case law is in terms of exceptional cases. It's hard for me to see a big gap in terms of what she's done here in terms of an appealable issue. We have not... Your Honor, so we've... If we have waived a challenge to the court's exceptionalist affirmation, then we've waived it, and if that's... That's not the issue here because it's a footnote. But what strikes me, this has gone on for three years, you say? Yes, Your Honor. Were you counsel for three years? Yes, Your Honor. Were you pro bono the entire time? Yes, Your Honor. Well, that answers the question of why you're pushing to get attorney's fees, doesn't it? We had local counsel fees and we had independent contractors doing work for invalidity contentions. I see I'm out of time. I'll reserve the remainder. Thank you. May it please the court, before I launch into my tirade about how frivolous this appeal is, I imagine you guys have some questions for me based on what he said. I'll gladly fill those before I launch into my rehearsed tirade. Well, we don't really want to hear something that you've labeled the rehearsed tirade, so try to calm it down and tell us what you think we need to know in order to resolve this appeal. And if there isn't anything we need to know, sit down. Well, naturally, we rely on our brief and we have yet to find absolutely any argument put forth by the Commerce that really distinguishes the precedent side in our brief. Do you agree with his comment about the Section C at least, Section 3, where it says each party shall pay their own legal fees and costs in connection with the lawsuit,  to if plaintiff had, if there's a payment that occurs? Yes, to an extent, in that when, during mediation, when the major terms of this settlement agreement were negotiated, the idea, and I was the party who negotiated on behalf of DiEM during the mediation. Are you pro bono too? I am not. I am not pro bono. And that was a, well, I won't get into that. Sorry I asked. A big issue in this case was that at the time of drafting the major terms of this contract, or this settlement agreement, the idea was that the determination of the then pending summary judgment motion would be the determining factor on which party quote unquote, if you will, prevails. I use that in tongue-in-cheek because we all agreed that when that decision came down from the District Court of whether or not to grant the issue of the motion for summary judgment, that the litigation would end. It could be that there was no money in exchanging hands and the litigation was then shuttered. Or it could be the fact that Big Congress had to pay $30,000 for a license agreement. And I believe, I'm not sure which of the justices used the term snickered. That's apropos because that's what ended up happening because the reason that Big Congress would have, and I use the term here literally, prevailed on the contract dispute is because the issue was not whether or not DM prevailed on the motion for summary judgment. Instead, it was whether or not a judge would have ruled that a theory of joint infringement was disclosed in the initial patent infringement contentions. And that issue, as my colleague here introduced, was decided upon on ancillary jurisdiction by Judge Ilston in the Northern District of California. The idea to me that that is grounds for now pursuing Section 283 fees for a patent case that was determined completely outside of whether or not... Oh sorry, 285, yes. Outside of whether or not there was a actual dispute regarding the contract versus the merits of a patent litigation, that's the big differentiating factor here. And what I take strongly, or I think most issue with, is the fact that in their briefing and in their argument, Big Congress has yet to tell the court or DM exactly why exigent signed in 2006 by this very court does not apply. The entirety of their substantive briefing in terms of addressing the opinion in exigent is a two-by-two table on page two of their brief in which they just juxtapose quotations from the opinions without offering any substantive analysis of what those quotes mean. And it's not for lack of knowing that exigent exists. The district court cited exigent in its decision denying the underlying motion for fees here. In their opening brief to this court, Big Congress did not cite exigent, did not analyze exigent, did not tell us why that CRST could have been interpreted to overturn exigent. Instead, it's just absent, naturally. In our opposition brief, we brought up exigent and yet again, the only lip service that Big Congress provided to this opinion was what I would consider exactly that, lip service, which is a table that takes up about a third of the page. So I guess what I don't quite understand is how this is not necessarily essentially a frivolous appeal because there is no basis or at least there's no precedent in which this court or in which this Congress can point to as giving it the right to seek to advise. My point is I shouldn't be here. Yeah, but what are you asking us to do other than to affirm Judge Bellot? I'm asking you guys to eventually... Guys? We're not guys. I'm sorry. I'm asking you all to approve a subsequent motion for frivolous appeal because at this point, the pro bono attorney to my right here is... So you're here to argue a motion that hasn't been filed yet, but you're here to preempt that by arguing it while you're here. Well, I guess I could have waived my right to appear and speak for you all, but I also want to make sure that I was addressing any argument by opposing counsel. So you really don't have anything? No. We rely on our briefs. At that point, I will reserve my nine minutes. You don't get to reserve it. You're not coming back here again. There's no cross appeal. I understand. You forfeit. You cede. You're not cede. I apologize. Thank you. Your friend on the other side struggled for the right word. I would suggest to you that it's pedophagy. How is your appeal not pedophagy? I'm sorry. Did you find that word? Yeah. It's an English common law term, meaning an argument which has no merit and is based purely on  willfulness. I respectfully disagree, Your Honor. Exigent has section 3, which is the only section of Exigent which discusses the quote that appears in the appellee brief. And that opinion cites acres and inland steel, both of which talk about merits-based prevailing on the merits as a requirement before you can get prevailing party status. The section which I did not cite in my appellant brief, the contract,  talks about liability. Again, liability relates to the merits of a case. In CSRT, the court essentially has decoupled merits from this threshold of inquiry of prevailing party. Big Commerce won a dismissal with prejudice, paid $0.00 to the patentee. The route it took to get from start to finish was a lot cheaper than fighting the case on the merits. Instead of spending... You've already conceded that you took unfair advantage of the other side in negotiations. I respectfully disagree with that characterization. We snickered them. We did not... If I may clarify, during mediation, we did not alert them that they were not negotiating for any protection from Section 285 and that they were not closing the door on us filing a motion for exemption. When I practice law, and I got a request for discovery that was objectionable, I would respond saying, this is objectionable, but I think what you want is this document or this information. If it's not, you let me know. I expect at least some minimal standard of compliance with Rule 1, Rule 11, and the general obligations of counsel to treat each other in a decent and honorable way. I think I misunderstand the word snicker as well as the other word Your Honor used. We didn't... I would consider it a violation of my duty to advocate for my client if I went to mediation and alerted them that this contract does not give you any benefit of protection from an examination of the merits of your case. You're saying, Mr. Argyle, that everybody was aware of the existence of 285 and could conduct themselves accordingly? Yes, Your Honor. In essence, when we go to mediation, I don't think of writing insurance policies for the other side. And again, we have not established this case as exceptional and we just want essentially a seat at the Supreme Court. To the extent you're making a policy argument about how settlements courts should encourage or whatever, you might go back to Buchanan because that was the argument, as I recall, made by the dissent in that case. And that was a very controversial case when it issued because that was the argument. Well, you're just discouraging people from settlements. The Supreme Court rejected that argument in Buchanan. Thank you. We thank both sides. The case is submitted.